No. 924
PORTSMOUTH (City) v. PUBLIC UTIL. COM.
Ohio Supreme Court
Nos. 17845, 17846. Decided June 19, 1923
To Appear in Ohio State Reports
308A. PUBLIC UTILITIES.

Gas Company held entitled to fair return on investment based on value of property—Unjust and unreasonable rates and confiscatory rates not synonymous—PUBLIC SERVICE COMMISSION—Functions of Commission stated—In reversing rates of Commission, Supreme Court must determine sufficiency of evidence.
PER CURIAM.

Epitomized Opinion

An ordinance of the City of Portsmouth fixed certain gas rates to be charged by the United Fuel Gas Company in that city. This company appealed to the Public Utilities Commission, claiming that the rates were unjust. The Public Utilities Commission found that the rates fixed by the ordinance were unjust and unreasonable and fixed new rates. The city prosecuted error. In affirming the order of the Public Utilities Commission, the Supreme Court held, Wanamaker dissenting:

1. The public is entitled to be served with gas at reasonable cost, and the gas company is entitled to a fair return on the investment, based on the value of the property used by it in the public service.

2. "Unjust and reasonable rates" and "confiscatory rates" for a public utility, such as a gas company, are not synonymous. A rate which would not be confiscatory might yet not be a reasonable and just rate, as between the public and the owner, under all the circumstances; the word "confiscate" carrying

the idea of forfeiture to the public treasury or appropriation to public use.

3. It is a function of the Public Utilities Commission to see that the rights and obligations of both the utility and its patrons are protected and enforced, and, to deal justly between the public and the company, it should look to the evidence, aided by skilled specialists in their investigation, and give due heed to the testimony of the parties, and, from the entire record, reach a conclusion which to the best of its judgment is a reasonable and just one to all parties concerned.

4. Where the Public Utilities Commission has fixed a rate on appeal from an ordinance wherein a municipality had sought to fix the rates, the Supreme Court must determine whether or not there is evidence in the record sufficient to sustain the finding and order of the commission, or whether such conclusion is manifestly against the weight of the evidence.

Attorneys—Sherrard M. Johnson, Portsmouth, for Portsmouth; A. R. Johnson, Ironton, and Henry Bannon, Portsmouth, for Gas Co.; L. K. Langdon, Cincinnati, and R. G. Altizer, Charleston, W. Va., for Fuel Gas Co.; C. C. Crabbe, Atty Gen., and E. E. Corn, Ironton, for P. U. C.